JNO. N. WEBB, plaintiff in error, vs. WM. CAMP, defendant in error.

[1.] In an action brought, to recover land, the defendant claimed by a purchase at Sheriff's sale, under a *fi. fa.* which, at the time of the sale, had upon it, an entry three years old, to the effect, that money sufficient to satisfy the *fi. fa.*, had been raised by the Sheriff, and that, " after taking commissions, the balance of the money," had been " paid over to older *fi. fas.*"

*Held,* That, notwithstanding the generality of this entry, it was not to be presumed, as against the purchaser at the sale, that the *fi. fa.* was paid off.

[2.] The statute of the 32d, Henry the 8th, against bracery and the buying of titles, is not of force in Georgia,

Complaint for land, in Catoosa Superior Court.   Tried before Judge ————, at———— Term, 1858.

The facts of this case are fully stated in the opinion of the Court.

SPRAYBERRY, for plaintiff in error.

HACKETT, *contra.*

*By the Court.*—BENNING J. delivering the opinon.

Jno. N. Webb brought an action againt Wm. Camp, *to* recover lot of land, number 58, in the 28th district, and 3d section, in Catoosa county.   The action was in the form authorized by the Act of 1847, " to simplify and curtail pleadings at law."

It appeared, that one Green D. Sims was the drawer of the lot, from whom, Webb had a deed for the lot, and that Camp was in possession.   This was Webb's proof.

A *fi. fa.* from Stewart Superior Court, in favor of George Young against Green D. Sims, with its entries, was read in evidence to the jury, by Camp.

Among the entries, was one dated the 27th of November, 1849, to the effect, that the lot had been levied on as the property of the defendant, Sims; and another dated the 2d of January, 1849, to the effect, that the lot had been sold under this levy, for $20.

Camp also introduced a deed made by the Sheriff, to Presley Yates, corresponding with this last entry.

Among the entries on the *fi. fa.*, were also two others earlier ; viz, one dated the 20th of August, 1845, to the effect, that the *fi. fa.* had been levied on four negroes, the other, an entry in the following words :

"The above levy," (i. e. the one on the negroes,) " sold on the first Tuesday in July, 1846, for nine hundred and sixty-

six dollars, and, after taking commissions, the balance of the money, paid over to older *fi. fas.*   JOHN V. PRICE, Sheriff."

When this *fi. fa.* was offered in evidence, it was objected to by Webb, on the ground; " that the same appeared to have been paid off; that the Sheriff of Stewart county, John V. Price, had sold negroes, and raised the sum of nine hundred and sixty dollars, in 1846, (long before the land in dispute was levied on,) on said *fi. fa.*, and had not shown, sufficiently, what was done with said money."   The objection was overruled, and that was excepted to.

The Court charged the jury, that if Camp, the defendant, was in the adverse possession of the land, at the time the plaintiff's deed was made, that that deed was void, under the Act of Henry the 8th.   To this charge, Webb excepted.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial, making the two decisions aforesaid, the grounds of the motion.   The Court overruled the motion, and that was excepted to.

Was the Court right, in overruling the objection to the *fi. fa?*

We think so.

The general principle is, that a Sheriff's entries of this kind, are, at least, *prima facie* evidence.   True, this entry was very general; but not more so, perhaps, than such entries usually are.

The case differs in several respects, from *Harrison and others vs. Thompson,* (9 *Ga. R.* 310.)

In that case, the entries made the whole of the money go, in " costs;" i. e. go to the Sheriff himself,—a suspicious thing. In this, the entry makes the money, less "commissions," go to older *fi. fas.*,—far less suspicious.   In that case, the attack on the entries, was direct; the defendant in the *fi. fa.*, moved to have it entered, satisfied.   Here was notice to the other side, and a fair chance to defend.   In this case, the attack on the entry, is collateral,—it comes by surprise, and does not give a fair chance to defend.

In that case, the controversy was between all the parties in interest; and the parties in interest, were original parties; viz: the plaintiff, and the defendant, in the *fi. fa;* in this case, the controversy is not between all the parties in interest; the plaintiff in the *fi. fa.*, the person perhaps, most deeply affected of any, by the entry, is not a party; even the defendant in the *fi. fa.*, himself, is not a party; the parties are two persons who both claim under the defendant in the *fi. fa.*, Webb, doing so, directly, he holding the defendant's own deed; Camp doing so, indirectly, he holding the Sheriff's deed; and of these two, Camp has the better equity; for he bought first, and when he bought, the entry had been standing for three years—from 1846, to 1849,—without objection from the defendant in *fi. fa.* Therefore, when he bought, he had sufficient ground for inferring, that the entry was not incorrect; he might well say: if this entry is not objectionable to the defendant in the *fi. fa.*; why should it be, to any body else.

Indeed, it does not appear, that Sims, the defendant in the *fi. fa.*, objects to the entry to this day. He has filed no affidavit of illegality.

[1.] The Court was right then, we think, in admitting the *fi. fa.*

[2.] But, we think, that the Court erred in its charge, as to the statute of Henry the 8th.

A majority of this Court think, the 32 of Henry the 8th, against bracery and the buying of titles, not in force, in this State. See *Cain and Morris vs. Monroe, 23 Ga. R. 82.*

New trial ordered.